UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>STEVEN A. HOLPER, M.D.,<br><br>Defendant(s). | Case No. 2:18-CV-1338 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Steven A. Holper's motion to stay proceedings. (ECF No. 9). Plaintiff National Fire & Marine Insurance Company ("National") filed a response (ECF No. 11), to which Holper replied (ECF No. 13).

**I.     Facts**

This action arises from Holper's alleged breach of his physician's professional liability insurance agreement with National. (ECF No. 1).

In the underlying complaint, National alleges that Holper was the physician for now deceased Judge Diana Hampton ("the decedent"). *Id*. Holper allegedly provided the decedent with a regular supply of Fentanyl, a schedule II controlled substance, in the form of a sub-lingual spray. *Id*. The decedent would purportedly open the spray canisters and use a syringe to inject the fentanyl into her arm. *Id*.

National further alleges that on March 13, 2016, investigators found the decedent's body in her home and later identified Fentanyl intoxication as the cause of death. *Id*. The investigators also allegedly found hundreds of sub-lingual spray canisters in the decedent's bedroom, bathroom, work place, and vehicle. *Id*.

On February 7, 2018, the United States of America indicted Holper in the United States District Court, for the District of Nevada, case number 2:18-cr-00037-JAD-NJK. (ECF No. 1-3). The indictment charges Holper with (1) seven counts in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) for distribution of a controlled substances, and (2) twenty-two counts in violation of 18 U.S.C. § 1035(a)(2) for making false statements relating to a health benefit program. *Id*.

On February 27, 2018, the decedent's estate initiated a wrongful death action against Holper in Nevada state court, case number A-18-770455-C. (ECF No. 1-2). National agreed to provide defense to Holper in the state court proceeding under a reservation of rights. (ECF Nos. 1, 11). In an attempt to investigate the wrongful death claim, National requested Holper to take an examination under oath ("EUO") pursuant to the insurance agreement. (ECF Nos. 1, 9, 11). Holper declined to submit to the EUO on the grounds that doing so would implicate his penal interests. (ECF Nos. 1, 13).

On July 20, 2018, National initiated this action, alleging a single claim for breach of contract. (ECF No. 1). National requests that the court declare that, in light of Holper's refusal to submit to an EUO, National has no duty to defend or indemnify Holper. *Id*.

Now, Holper moves for a stay of proceedings, claiming that discovery in this case would cause him to "face extreme prejudice to his penal interest, his Fifth Amendment rights, and his right to liberty." (ECF No. 9).

**II.    Legal Standard**

The Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings. *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.1995). Nonetheless, a court may exercise its discretion to stay civil proceedings when the interests of justice seem to require such action. *Keating*, 45 F.3d at 324.

When deciding whether to stay civil proceedings, a court must consider "the extent to which the defendant's fifth amendment [sic] rights are implicated." *Keating v. Office of Thrift*

1  *Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *Molinaro*, 889 F.2d at 902). Courts also consider other factors according to the circumstances of the case, which generally include the following five factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 325 (quoting *Molinaro*, 889 F.2d at 903).

## III. Discussion

### a. Implication of Holper's Fifth Amendment rights

"A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326. Thus, while the extent to which a defendant's Fifth Amendment rights are implicated is a "significant factor" to be considered, it is "only one consideration to be weighed against others." *Id*.

Allowing this civil action to proceed risks undermining Holper's Fifth Amendment privilege against self-incrimination. National has used significant portions of its complaint and briefs to discuss Holper's medical practice in relation to his criminal case. *See* (ECF Nos. 1, 11). Thus, there is a substantial probability that discovery will include inquiring into the medical services that Holper provided to the decedent. In such a circumstance, Holper will be forced to decide whether he should risk an adverse inference or participate in discovery at the detriment of his criminal case. Accordingly, this factor favors a stay of proceedings.

### b. Other Keating Factors

The remaining factors collectively weigh in favor of a stay. Though National has an interest in favor of expeditious litigation, ordinary remedies could cure any harm that would result from National's continued defense and potential indemnification of Holper. Further, National risks only monetary damages, which is a relatively minimal harm in comparison to Holper's Fifth Amendment concerns. A stay of proceedings would inconvenience the court as it would frustrate the court's goal of clearing its docket. *Molinaro*, 889 F.2d at 903. However, a stay would not

affect any third parties except for the decedent's estate, which would have to deal with only a temporary complication regarding its wrongful death action. Lastly, the court cannot ignore the remarkable public interest in favor of fair criminal proceedings.

   c. *Balancing*

In sum, the implications of Holper's Fifth Amendment rights and the remaining *Keating* factors weigh in favor of a stay of proceedings. Accordingly, in order to prevent irreparable harm to Holper and serve the public interest in favor of fair criminal proceedings, the court will grant Holper's motion to stay.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Holper's motion to stay proceedings (ECF No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Holper shall notify the court of the resolution of Holper's criminal proceeding within fourteen (14) days following resolution thereof.

DATED October 31 2018.

_____
UNITED STATES DISTRICT JUDGE