MARTIN J. KRAVITZ, ESQ.
Nevada Bar No. 83
ADAM J. WAX, ESQ.
Nevada Bar No. 12126
KRAVITZ, SCHNITZER, & JOHNSON, CHTD.
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone:  (702) 362-6666
Facsimile:  (702) 362-2203
Email: mkravitz@ksjattorneys.com
          awax@ksjattorneys.com
*Attorneys for Plaintiff,*
*NATIONAL FIRE & MARINE*
*INSURANCE COMPANY*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NATIONAL FIRE & MARINE INSURANCE
COMPANY, a Nebraska corporation,

              Plaintiff,

vs.

STEVEN A. HOLPER, M.D., an individual;
DOE INDIVIDUALS I through X, inclusive; and
ROE BUSINESS ENTITIES I through X,
inclusive,

              Defendants.

Case No.:  2:18-cv-01338-JCM-PAL

**FIRST AMENDED COMPLAINT
FOR:**

**1)  BREACH OF CONTRACT;**
**2)  DECLARATORY RELIEF.**

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, NATIONAL FIRE & MARINE INSURANCE COMPANY

(hereinafter "Plaintiff" or "National Fire"), by and through its attorneys of record, the law firm of

KRAVITZ, SCHNITZER & JOHNSON, CHTD., and hereby submits its First Amended

Complaint, and prays and alleges, upon knowledge as to itself and otherwise upon information

and belief, against Defendant, STEVEN A. HOLPER, M.D., (hereinafter "Defendant" or

"Holper"), as follows:

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

## INTRODUCTION

1.   This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2.   National Fire brings this action to obtain a finding that National Fire has no duty to defend nor indemnify Holper in connection with claims asserted against Holper in a wrongful death lawsuit filed by the Estate of Diana Hampton in the Eighth Judicial District Court of Clark County, Nevada, case No.: A-18-770455-C (the "Claim").

3.   National Fire seeks a determination of its defense and indemnity duties and obligations under a Physicians Professional Liability policy issued to Holper, policy No.: ES011120 (the "Policy). A true and correct copy of the Policy is attached hereto as **Exhibit "1."**

4.   A dispute exists regarding whether Defendant is entitled to coverage (defense and indemnity) under the Policy as it relates to the Claim brought by the Estate of Diana Hampton.

5.   On December 10, 2018, in the United States District Court, District of Nevada, Defendant entered a plea of guilty in the criminal matter of *United States of America vs. Steven A. Holper, M.D.,* case no.: 2:18-cr-00037-JAD-NJK. ***ECF No. 50 in 2:18-cr-00037-JAD-NJK,*** a true and correct copy of the Plea Agreement Under Fed. R. Crim. P. 11(c)(1)(A) and (B) is attached hereto as **Exhibit "2."**

6.   The guilty plea in Holper's criminal case provides the factual basis supporting a finding that National Fire has no duty to defend nor indemnify Holper in connection with the Claim.

7.   More specifically, exclusion No. 4 regarding "any willful violation of any law, statute, or regulation;" and exclusion No. 5 regarding "any dishonest or fraudulent act;" – and other exclusions – apply to negate any coverage pursuant to the Policy.

8. Holper also breached the express terms of the Policy through his failure to cooperate with National Fire to participate in a contractually obligated examination under oath and through his failure to provide requested documents prior to this lawsuit.

## PARTIES

9. Plaintiff, NATIONAL FIRE & MARINE INSURANCE COMPANY ("Plaintiff" or "National Fire"), is and was, at all times mentioned here, a Nebraska corporation and insurance company authorized to do business in Clark County in the State of Nevada, with its principal place of business in Omaha, Nebraska.

10. Defendant, STEVEN A. HOLPER, M.D., ("Defendant" or "Holper"), is and was, at all times mentioned herein, an individual residing and doing business in Clark County in the State of Nevada.

11. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOE INDIVIDUALS I through X, inclusive, and ROE BUSINESS ENTITIES I through X, inclusive, and each of them, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE INDIVIDUAL and/or ROE BUSINESS ENTITY are individuals, corporations, partnerships, associations, or otherwise who allege or may allege that they have an interest in some manner related to the events and happenings herein alleged (including coverage under the subject insurance policy), and who may thereby allege claims against Plaintiff and/or assert claims under the subject insurance policy. Plaintiff will seek leave of the Court to amend this First Amended Complaint to insert the true names and capacities of said Defendants DOE INDIVIDUALS I through X, inclusive, and ROE BUSINESS ENTITIES I through X, inclusive, if and when the same has been ascertained by Plaintiff, together with the appropriate charging allegations to join

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

such Defendants in this action.

## JURISDICTION AND VENUE

12.     This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57.

13.     An actual justiciable controversy exists between Plaintiff National Fire and Defendant Holper within the meaning of 28 U.S.C. § 2201 regarding the scope and extent of insurance coverage under the National Fire Policy, as more particularly described below.

14.     The amount in controversy in this matter includes the attorney's fees and costs of both defending and indemnifying Defendant in the underlying lawsuit, which relates to the wrongful death claim of Diana Hampton, who was serving as the Chief Judge for the City of Henderson Nevada's Municipal Court at the time of her death.

15.     The Estate of Diana Hampton (the "Estate of Hampton") has provided National Fire with a demand to tender their Policy limit of $1,000,000.00. A true and correct copy of the Amended Complaint for Wrongful Death is attached hereto as **Exhibit "3."**

16.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) based upon the complete diversity of citizenship between Plaintiff, a Nebraska corporation, and Defendant, who is an individual residing and doing business in Clark County in the State of Nevada. Additionally, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

17.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events, transactions, occurrences, wrongs, and/or omissions giving rise to the underlying litigation occurred in the District of Nevada. Additionally, the acts from which the underlying litigation originated, i.e., the insurance policy at issue and the alleged wrongs resulting in the death of Diana Hampton, occurred in the District of Nevada.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

**THE POLICY**

18.     National Fire issued Policy No. ES011120 to Holper effective from July 25, 2017, to July 25, 2018, retroactive to July 25, 2014 (the "Policy"). **Exhibit "1."**

19.     The Policy – being a medical malpractice insurance policy – was intended to only cover against fortuitous events and negligence, i.e., medical malpractice.

20.     The Policy was <u>not</u> designed to cover enumerated intentional misconduct or criminal acts.

21.     The Policy was also intended to only cover one (1) location that was designated as a "**covered location**" pursuant to the Policy. The only "**covered location**" was Defendant's medical office located at 3233 West Charleston Boulevard, #202, Las Vegas, Nevada 89102.

22.     The liability coverage insuring agreement of the Policy provides:

In consideration of the payment of the premium due, and in reliance upon the representations of all **Insureds**, the **Company** and the **Insureds** agree as follows, subject to the terms and conditions of this policy, including the applicable limits of liability:

*I.     INSURING AGREEMENT – LOSS*

A. The **Company** will pay, on behalf of an **insured physician**, including his or her **agents**, all **loss** arising from a **health care event** that took place on or after the **retroactive date**. In addition, the **loss** must result from:

1.     a **claim** that was **first made** against the **insured physician**, or his or her **solo corporation** or **agent**, during the **policy period**. In addition, the **claim** must have been reported to the **Company**, in writing, during the **policy period**, within 10 days of receipt, to be covered under this policy; or,

2.     a **potential claim** that was **first discovered** by the **insured physician** during the **policy period**. In addition, the **potential claim** must have been reported to the **Company**, in writing, during the **policy period** to be covered under this policy.

B. All **claims** arising out of the same **health care event** will be deemed to have been made at the time the first such **claim** is made against any **Insured**.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

5

Only the policy in effect when the first such **claim** is made and reported to the **Company** in writing will apply to all related **claims** no matter when those related **claims** are made or reported. If the first such **claim** is made prior to the effective date of this policy, this policy will not apply to that **claim**, nor to any related **claim** made during this **policy period** or any **extended reporting period**.

\*\*\*

*V.  LIMITS OF LIABILITY*
  *PER EVENT LIMIT*

The **Company**'s duty to pay **loss** and **claims expense** on behalf of an **insured physician** for any **health care event** covered under this Insuring Agreement shall not exceed the Per Event Limit of Liability shown for the **insured physician** on the Schedule of Insured Entities. This limit shall apply regardless of the number of:

1.  persons who sustain injury;
2. claimants;
3. **claims or potential claims**;
4. policies issued by the **Company**; or,
5. **Insureds** who share the Per Event limit.

\*\*\*

**Claims expenses** are included within the Limits of Liability set forth above. The Limits of Liability available to pay **claims** or **loss** resulting from any **health care event** shall be reduced, and may be completely exhausted, by the payment of **claims expenses**.

\*\*\*

23. The Policy also includes Definitions, which state in relevant part:

Whenever used in this policy:

E.  **Claim** means an express, written demand upon an **Insured** for money or services as compensation for civil damages.

\*\*\*

Z.  **Potential claim** means an **event** the **Insured** knows or reasonably should know is likely to result in a **claim**.

\*\*\*

P.  **Health care event** means any **event** in the rendering of, or failure to render, **professional services** that results in injury. All injuries arising from the same or related acts, errors, or omissions in furnishing **professional services** shall be considered one **health care event**.

\*\*\*

K.  **Event** means an accident. All injuries arising from:

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

KRAVITZ, SCHNITZER & JOHNSON, CHTD.

8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

1.    the same or related acts, errors, or omissions; or,

2.    the continuous or repeated exposure to substantially the same harmful conditions, will be considered one **event**. For the purposes of this definition, all injuries to a mother and fetus (or fetuses) from conception through delivery shall constitute one **event**.

*** 

BB. **Professional services** means **treatment**.

*** 

II.  **Treatment** means:

1.    the rendering of medical, surgical, dental, nursing services, **counseling** or **social services** to a patient. This shall include first aid rendered at the scene of an accident without expectation of monetary compensation;

2.    the provision of medical examinations, opinions, or consultations regarding a person's medical condition within the **Insured**'s practice as a licensed health care provider; or,

3.    the furnishing of any of the following, but only as it relates to the rendering of medical, surgical, dental, nursing services, **counseling** or **social services** to a patient:
a. food and beverages; or, b. medical, surgical, or dental supplies, appliances, or drugs.

*** 

T.  **Loss**

1.    **Loss** means civil damages, including prejudgment interest, which an **Insured** becomes legally obligated to pay through adjudication or settlement.

2.    **Loss** does not include:
a.    any damages that are greater than the **Insured**'s limit of liability;
b.    any injunctive or other equitable relief;
c.    **claims expense**;
d.    attorney fees awarded to a claimant as a fine, penalty, or sanction based upon the **Insured**'s misconduct. However, attorney fees awarded as a part of the claimant's damages in a covered **claim** for any other purpose will be included as **loss**;

*** 

DD.    **Retroactive date** means the date prior to which an **Insured** has no coverage under the applicable Insuring Agreement. The **retroactive date** is listed on the applicable Schedule of Insureds for each **Insured** to which a **retroactive date** applies.

***

24.    The Policy required that Defendant assist and cooperate with National Fire pursuant to the following:

*C. Assistance and Cooperation.*

…

2. The **Company's** duty to defend and pay loss for any claim otherwise covered under this policy is strictly conditioned upon the **Insured's** cooperation with the **Company** in the investigation, defense, and/or settlement of any matter to which this policy applies. Such cooperation shall include, but is not limited to:

…

d. doing nothing to prejudice the **Company's** ability to **<u>investigate</u>**, defend, and/or manage any matter to which this policy applies;

e. submitting to **<u>recorded and/or sworn statements</u>** and to **<u>examinations under oath</u>** as requested by the **Company**; and,

f. promptly **<u>producing</u>**, at the **Company's** request, any **<u>records</u>**, documents and other information in the **Insured's** possession, custody or control.

25.    The liability coverages of the Policy include "exclusions" which operate to remove coverage under certain circumstances, including the following:

*I.  EXCLUSIONS*
This policy does not apply to:

A. Any **loss** arising from, or in connection with, any act listed in the subparagraphs below, and any **event**, **health care event**, or **managed care event** when intertwined with, or inseparable from, any such act:

1. any malicious act or intentional tort;
***
3. any personal, romantic, sexual, or other non-professional relationship with a current, former, or prospective patient, whether under the guise of **treatment** or not;

4. any **<u>willful violation of any law, statute, or regulation</u>**;

5. any **<u>dishonest or fraudulent act</u>**;

6. any breach of contract or guaranty regarding the efficacy of **treatment**;

7. **professional services** rendered or which should have been rendered if it is determined that an **Insured** was in any manner, extent or degree impaired by or under the influence of alcohol, narcotics, hallucinogenic agents, drugs or intoxicants of any nature or kind; or,

8. any **<u>fabrication, alteration or destruction</u>**, in whole or in part, **<u>of any medical record pertaining to the person</u>** whose **treatment** is the subject of the **claim** or **potential claim**, including, but not limited to, any medical or business record pertaining to the condition, **treatment** and/or consent of such person to any **professional service**, in whole or in part, by or at the direction

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

of an **Insured**, after the happening of the activity reflected in such document or record…

\*\*\*

D. Any damages over and above actual compensatory damages. This includes **punitive**, exemplary, and multiple damages.

\*\*\*

F. Any **claim** or **potential claim** arising from, or in connection with, any obligation or damages arising under any law related to:

    5. other similar law that provides for scheduled benefits as a result of an injury or disease.

\*\*\*

26.    The Policy also includes Endorsement 4 regarding "consent of first named insured with reduction for refusal to settle endorsement" and Endorsement 5 regarding only Holper's medical office being a **covered location** and all other locations excluded.

## THE INDICTMENT

27.    Defendant was indicted on February 7, 2018, in the United States District Court, for the District of Nevada, case No.: 2:18-CR-00037-JAD-NJK (the "Indictment"). A true and correct copy of the Indictment is attached hereto as **Exhibit "4."**

28.    Dr. Holper entered a plea of guilty to Count Two from the Indictment on December 10, 2018. *ECF No. 50 in 2:18-cr-00037-JAD-NJK;* **Exhibit "2."**

## HOLPER'S GUILTY PLEA

29.    Holper entered a guilty plea "knowingly and voluntarily agree[ing] to plead guilty to the Criminal Indictment filed February 7, 2018: **Count Two**: Distribution of a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C)." *ECF No. 50 at 2 in 2:18-cr-00037-JAD-NJK; Exhibit "2."*

30.    Court Two of the Indictment provides that "Defendant herein, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of a Schedule II controlled substance, Fentanyl, as listed [in the chart] below [in the Indictment], without a

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

9

legitimate medical purpose and outside the usual course of professional practice, each of which constitutes a separate count of this Indictment:

| Count | Approx. Date of Distribution | Patient | Controlled Substance |
|-------|------------------------------|---------|----------------------|
| 2 | September 12, 2015 | Patient A[1] | Fentanyl, a/k/a "Subsys" |

31.     The elements of Count Two, Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) are:

- First, beginning on a date unknown but in no earlier than July 2015 and continuing through on or about March 2016, the Defendant knowingly distributed Schedule II controlled substances, to wit: Fentanyl;

- Second, the Defendant knew that the controlled substances were Fentanyl, or some other prohibited drug;

- Third, the Defendant distributed the controlled substances outside the usual course of professional practice and not for a legitimate medical purpose; and

- Fourth, the Defendant intended to distribute the controlled substances outside the course of his professional practice. Ninth Cir. Model Criminal Jury Instr., Criminal 9.18; Title 21 C.F.R. § 1306.04; *United States v. Feingold,* 454 F.3d 1001, 1008 (9th Cir. 2006). ***ECF No. 50 at 3 in 2:18-cr-00037-JAD-NJK; Exhibit "2" at 3.***

32.     All of these elements have been satisfied pursuant to the Plea Agreement. ***ECF No. 50 at 3 in 2:18-cr-00037-JAD-NJK; Exhibit "2" at 3.***

33.     Additionally, pursuant to the Plea Agreement, Dr. Holper "admits and declares under the penalty of perjury that the facts set forth below are true and correct:"

---

[1] Patient "A" is Diana Hampton, and her Estate is suing Holper for wrongful death in the Claim.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

"At all times relevant to the Criminal Indictment:

1.     The Defendant, STEVEN A. HOLPER, M.D. ("Defendant"), was a licensed physician who, since 1990, practiced medicine in Nevada under Nevada License Number 6061 specializing in pain management in Las Vegas, Nevada.

2.     As part of his medical practice, he prescribed Schedule II Controlled Substances, including Fentanyl, Hydrocodone and Oxycodone, under his Drug Enforcement Administration ("DEA") license number BH2498106.

3.     Defendant knew that under the Controlled Substances Act, Title 21, United States Code, Section 841(a) *et seq.,* and Title 21, Code of Federal Regulations, Section 1306.04, a prescription for a Schedule II controlled substance was lawful only when written for a legitimate medical purpose by a practitioner acting in the usual course of his or her professional practice.

**4.     Between approximately July 2015 and March 2016, Defendant prescribed and distributed dosages and amounts of Fentanyl, Oxycodone and Hydrocodone, to his patients outside the usual course of his professional practice and without a legitimate medical purpose.**

**5.     Defendant did so with the intent to prescribe Fentanyl, Oxycodone and Hydrocodone outside the course of his professional practice and without a legitimate medical purpose.**

6.     All of the foregoing occurred in the State and Federal District of Nevada and elsewhere." ***ECF No. 50 at 4 – 5 in 2:18-cr-00037-JAD-NJK; Exhibit "2" at 4 – 5 (emphasis added).***

34.     Holper's guilty plea also specifically provides that any party can use the facts set forth in paragraph 33 of this First Amended Complaint collaterally as factual admissions against

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

11

Defendant in other matters such as the instant declaratory relief action. ***ECF No. 50 at 5 in 2:18-cr-00037-JAD-NJK; Exhibit "2" at 5.***

## CLAIM AGAINST THE INSURED

## THE AMENDED COMPLAINT FOR WRONGFUL DEATH

35.     On February 27, 2018, a Complaint for Wrongful Death was filed on behalf of the Estate of Hampton and against Defendant. On March 8, 2018, the Estate of Hampton filed an Amended Complaint for Wrongful Death against Holper and a newly named Defendant, INSYS Therapeutics, an Arizona company ("INSYS"). **Exhibit "3."**

36.     Hampton lawsuit's Amended Complaint alleges, in pertinent part, that:

-  ▪   Defendant was a prescriber of Fentanyl, a Schedule II controlled substance and powerful synthetic opioid painkiller.

-  ▪   Fentanyl is available in various forms, including Subsys, which is a sublingual spray of fentanyl manufactured by INSYS.

-  ▪   On or about January 27, 2015, Defendant Holper allegedly fraudulently approved Hampton's enrollment in a TIRF REMS Access Program[2] by allegedly stating that Hampton had been prescribed other Schedule II prescriptions, without success.

-  ▪   Defendant prescribed Hampton Subsys in violation of the TIRF REMS Access Program as TIRF REMS Program drugs such as Subsys are "only for the management of <u>breakthrough pain</u> in adult <u>cancer</u> patients…who are already receiving and who are tolerant to around-the-clock opioid therapy for their underlying persistent <u>cancer</u> pain" and **<u>Hampton did not have cancer.</u>**

---

[2] Subsys is only available through the Transmucosal Immediate-Release Fentanyl (TIRF) Risk Evaluation and Mitigation Strategy (REMS) access program.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

- Defendant prescribed Subsys and other Schedule II controlled substances to Hampton, until last prescribing her Subsys on or about June 8, 2015.

- From on or about July 2015 through in or about March 2016, after Defendant Holper stopped prescribing Subsys to Hampton, Defendant regularly provided Hampton Subsys canisters without a prescription.

- Hampton would use a tool to open the Subsys canisters to access the fentanyl and would use a syringe to inject the fentanyl into her arm.

- On or about March 12, 2016, Hampton retrieved used Subsys canisters from Defendant Holper's residence in the late morning. Later that day, Hampton died. She was found dead in her home on March 13, 2016. Her death was ruled accidental and a condition relating to her cause of death was classified as Fentanyl intoxication.

- After her death, hundreds of Subsys canister sprays were found in and around Hampton's bedroom, bathroom, work place, and vehicle.

- The Estate of Hampton alleges that if Hampton had not received and used the remaining fentanyl from the used canisters she allegedly obtained from Holper, Hampton would not have died when she did.

37. Hampton's lawsuit's Amended Complaint contains the following causes of action against Holper (and additional causes of action against INSYS not listed below):

a. Wrongful Death: Negligence;

b. Survivors Action: Negligence;

c. Wrongful Death: Intentional/Reckless Conduct;

d. Survivors Action: Intentional/Reckless Conduct; and

e. Punitive damages.

13

38.     The pleading seeks non-economic damages in excess of the minimum jurisdictional requirements of the Clark County District Court in the State of Nevada; all funeral, burial, and other expenses; interest; all loss of decedent's care and support; any and all other damages and/or penalties that the decedent would have been able to recover from Holper and/or INSYS had she lived; all past medical expenses incurred by the decedent; punitive damages; and attorney's fees, costs, and interest. **Exhibit "3."**

39.     Hampton's lawsuit's Amended Complaint includes allegations of criminal and intentional misconduct, that when compared to the Policy language, is <u>not</u> covered.

## PLAINTIFF NATIONAL FIRE PROVIDES A DEFENSE OF THE CLAIM UNDER A RESERVATION OF RIGHTS

40.     On or about March 6, 2018, Holper provided the Amended Complaint from Hampton's lawsuit to National Fire, tendering their defense and indemnity.

41.     Based upon the allegations of Hampton's lawsuit's Amended Complaint, National Fire has agreed to provide a defense to Holper for the Estate of Hampton's Claim, under a Reservation of Rights, specifically based upon National Fire's belief that no coverage exists under the Policy.

42.     Based upon the allegations contained in Hampton's lawsuit's Amended Complaint and the Indictment, National Fire then conducted an investigation into the Claim.

## EXAMINATION UNDER OATH ("EUO") REQUESTED OF DEFENDANT, WHO FAILS TO ATTEND HIS EUO

43.     As National Fire has a right to take the EUO of Defendant Holper pursuant to the Policy, National Fire attempted to schedule an EUO of Defendant to further investigate the Claim.

44.     In order to accommodate Holper and his counsel, counsel for National Fire continued the EUO from its originally scheduled date of June 14, 2018, to July 6, 2018.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

14

45.     After originally indicating that Holper would be attending his EUO on July 6, 2018, Defendant failed to appear at the time and place scheduled for the EUO.

46.     Additionally, Holper failed to produce documents that were requested for him to bring to and produce at the EUO.

47.     Prior to originally filing its Complaint in this matter, ***ECF No. 1***, Defendant therefore breached two (2) conditions precedent to coverage: 1) attending an EUO; and 2) producing requested documents.

## BREACH OF CONTRACT
### (The Policy)

48.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 of this First Amended Complaint and incorporates each as though fully set forth herein.

49.     National Fire and Holper entered into a valid and existing contract, the Policy.

50.     National Fire performed all of its obligations under the Policy.

51.     Based upon the facts as set forth in Holper's Plea Agreement, Defendant has materially breached the Policy.

52.     Defendant has knowingly breached enumerated exclusions of the Policy – and specifically at least exclusion No. 4 regarding "any willful violation of any law, statute, or regulation;" and exclusion No. 5 regarding "any dishonest or fraudulent act;" – and likely other exclusions, negating coverage.

53.     Additionally, Defendant Holper has materially breached the Policy by refusing to assist and cooperate with National Fire as required pursuant to the "Assistance and Cooperation" condition of the Policy by failing to appear at his scheduled EUO and failing to produce requested documents.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

54.     By reason of the foregoing breaches of the Policy by Defendant Holper and his failure to comply with conditions precedent to coverage requiring cooperation with the insurer's investigation, Plaintiff National Fire is excused from any future performance concerning the Policy.

55.     As a direct and proximate result of Defendant's breach of the Policy, National Fire has been damaged in an amount equal to the costs of the defense of the Claim, which will be determined at a later time.

56.     That it has been necessary for National Fire to retain the services of legal counsel to prosecute this action, and National Fire is, therefore, entitled to reasonable attorney's fees and costs associated therewith.

## GROUNDS FOR DECLARATORY JUDGMENT

57.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 57 of this First Amended Complaint and incorporates each as though fully set forth herein.

58.     Additionally, even if Holper assisted and cooperated with National Fire, there would be no coverage under the Policy in any event Holper for the incident(s) that are the subject of the Hampton lawsuit's Amended Complaint because, based upon the plain and unambiguous language of the Policy:

- the *malicious act or intentional tort* exclusion (Exclusion #1) applies to preclude coverage.

- the *personal, romantic, sexual, or other non-professional relationship with a current, former, or prospective patient, whether under the guise of **treatment** or not* exclusion (Exclusion #3) applies to preclude coverage.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

- the *willful violation of any law, statute, or regulation* exclusion (Exclusion #4) applies to preclude coverage.

- the *dishonest or fraudulent act* exclusion (Exclusion #5) applies to preclude coverage.

- the *breach of contract or guaranty regarding the efficacy of **treatment*** exclusion (Exclusion #6) applies to preclude coverage.

- The ***professional services*** *rendered or which should have been rendered if it is determined that an **Insured** was in any manner, extent or degree impaired by or under the influence of alcohol, narcotics, hallucinogenic agents, drugs or intoxicants of any nature or kind* exclusion (Exclusion #7) applies to preclude coverage.

- the *any fabrication, alteration or destruction, in whole or in part, of any medical record pertaining to the person whose **treatment** is the subject of the **claim** or **potential claim**, including, but not limited to, any medical or business record pertaining to the condition, **treatment** and/or consent of such person to any **professional service**, in whole or in part, by or at the direction of an **Insured**, after the happening of the activity reflected in such document or record...* exclusion (Exclusion #8) applies to preclude coverage.

- the exclusion regarding *punitive, exemplary, and multiple damages* applies to preclude coverage.

- the ***covered location*** exclusion of Endorsement 5 applies to preclude coverage.

- the conduct alleged in the Hampton lawsuit's Amended Complaint may not fall within the Policy dates, precluding coverage.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

17

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

- the conduct alleged in Hampton's lawsuit's Amended Complaint may not fall within the Policy as the conduct, in whole or in part, may not arise from a **health care event**, precluding coverage.

- the conduct alleged in Hampton's lawsuit's Amended Complaint may not fall within the Policy as even if the conduct involves a **health care event**, intertwined with, or inseparable from, any "1. Malicious act or intentional tort; … 4. Any willful violation of any law, statute, or regulation; or 5. Any dishonest or fraudulent act;" or any other applicable Exclusion, the conduct applies to preclude coverage.

59.     Because no coverage exists, National Fire has no duty to defend nor indemnify Holper for the claims of Hampton and/or the Estate of Hampton arising from the incident(s) that are the subject of the Hampton Estate's Amended Complaint and the Claim.

60.     There is presently a dispute and an actual controversy between National Fire and Holper as to the respective parties' rights, status, and legal relations under the Policy and concerning potential liability coverage under the Policy. The dispute and actual controversy is between National Fire and Holper, whose interests under the Policy are adverse.

61.     National Fire possesses a legal interest in the controversy, and National Fire is entitled to obtain a judicial determination as to the respective parties' rights, status, and legal relations under the Policy.

62.     The issues involved in the controversy are ripe for judicial determination.

63.     A declaratory judgment will serve a useful purpose in clarifying and settling the respective parties' rights, status, and legal relations at issue, and will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding.

64.     An actual controversy exists between National Fire, on the one hand, and Defendant Holper, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

### REQUEST FOR DECLARATION

65. National Fire is therefore entitled to the following declarations from this Court:

i.      that Holper is in breach of the Policy – and specifically the Policy's Exclusions Nos. 4 and 5 – due to his knowing and willful violation of Count Two from the Indictment, Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

ii.     that Holper is in breach of the Policy – and specifically the Policy's assistance and cooperation provision – due to his willful failure to attend his EUO on July 6, 2018, as well as his failure to produce documents requested by National Fire;

iii.    that Holper's willful failure to attend his EUO on July 6, 2018, and his failure to produce documents requested by National Fire negates coverage under the Policy, authorizing National Fire to pull its defense of the Claim, the underlying lawsuit;

iv.     that, under the Policy, no coverage exists for Holper regarding the incident(s) that are the subject of Hampton lawsuit's Amended Complaint, including the allegations of Hampton lawsuit's Amended Complaint, based upon the Policy's Exclusions and the facts of Holper's guilty Plea Agreement;

v.       that National Fire has no duty to defend Holper against the Estate of Hampton's claim arising from the incident(s) that are described in Hampton lawsuit's Amended Complaint;

vi.      that National Fire has no duty to indemnify Holper against the Estate of Hampton for any loss or damages arising from the incident(s) that are the subject of Hampton lawsuit's Amended Complaint; and

vii.     that National Fire has no obligation to Holper related to the allegations contained in Hampton lawsuit's Amended Complaint because no coverage exists.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff National Fire prays for judgment against Defendant Holper, as follows:

1.       That Plaintiff National Fire be awarded a judgment in its favor for the claims set forth in this First Amended Complaint;

2.       That Plaintiff National Fire be granted a Declaration from this Court as requested in this First Amended Complaint;

3.       For compensatory damages for Defendant Holper's breach of the Policy, in an amount to be determined;

4.       For reasonable attorney's fees and costs of suit incurred herein; and

/ / /

/ / /

/ / /

/ / /

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

5.     That Plaintiff National Fire be awarded such other and further relief as this Honorable Court may deem just and proper under the circumstances, including an award of costs.

DATED this 16th day of January, 2019.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.


BY: /s/ Martin J. Kravitz
MARTIN J. KRAVITZ, ESQ.
Nevada Bar No. 83
ADAM J. WAX, ESQ.
Nevada Bar No. 12126
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone:  (702) 362-6666
Facsimile:   (702) 362-2203
Email: mkravitz@ksjattorneys.com
            awax@ksjattorneys.com
*Attorneys for Plaintiff,*
*NATIONAL FIRE & MARINE*
*INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January, 2019, service of the foregoing **FIRST AMENDED COMPLAINT** was made upon each party in the case who is registered as an electronic case filing user with the Clerk, pursuant to Fed. Rule civ. P. 5(b)(3), and Local Rule 5-4, as follows:

Daniel Price, Esq.
PRICE BECKSTROM, PLLC
7312 W Cheyenne Ave. suite 5
Las Vegas, NV 89129
*Attorney for Defendant*

*/s/ Meranda Espinosa*_____
An Employee of Kravitz, Schnitzer, & Johnson, Chtd

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666